in a proper case an award of compensation made by the Industrial Commission is subject to the remedial provisions of section 1171 of the Civil Practice Act (*Monck* v. *Monck*, 184 App. Div. 656; *Zwingmann* v. *Zwingmann*, 150 id. 358), we are of opinion that the record does not disclose facts justifying the application of this rule of law. It appears that defendant is totally incapacitated, and the compensation awarded is inadequate to meet the needs of defendant, the alimony awarded to plaintiff and the expenses incidental to a receivership. While it affirmatively appears that defendant paid all alimony due at the time he received his checks for compensation, if, in the future, he fail to comply with the provisions of the judgment, plaintiff has her remedy. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

LINCOLN GRANT TITUS, Appellant, v. DUTCHESS MANUFACTURING COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ.

ANNA BAUMWALD, Respondent, v. AUGUST EDWARD HOFFMANN, Appellant.— Motion to dismiss appeal denied. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

MAX BENJAMIN, Respondent, v. BERNHARD KRAUS and MILTON KRAUS, Appellants.— Motion to dismiss appeal denied upon condition that appellants perfect the appeal for the May term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell. JJ.

BERMAN BUILDING CORPORATION, Appellant, v. JACOB RAFFERTY and Others, Respondents.— Motion to open appellant's default in its service of notice of exceptions herein granted upon condition that appellant, within three days from service of a copy of the order entered herein, pay the twenty dollars costs imposed by our former order, and motion to extend appellant's time to perfect its appeal granted for the June term. The respondents' proposed amendment striking out the notice of exceptions is disallowed. If the above conditions are not complied with, the motions are denied. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

BETTINELLI TILE WORKS, INC., Appellant, v. CAPITAL CITY SURETY COMPANY, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

NOAH FELLS and FANNIE KAPLAN, Respondents, v. IDEAL LAND CORPORATION, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

FANNIE E. FERGUSON, Appellant, v. MARTIN J. ANDERSON and Others, Respondents.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

FANNIE E. FERGUSON, Appellant, v. ANTOINETTE DOMINY and NASSAU SUFFOLK BOND AND MORTGAGE GUARANTEE COMPANY, Respondents.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

FANNIE E. FERGUSON, Appellant, v. JOHN H. EATON and MILDRED EATON, His Wife, Respondents, and ANNA EATON, Defendant.— Motion for leave to